**UNITED STATES DISTRICT COURT**
**SOUTHEN DISTRICT OF FLORIDA**
CASE NO.:

BRIANA CARTER,

      Plaintiff,

v.

GMMI, INC., a Foreign Profit Corporation

      Defendant.

_____/

**COMPLAINT**

Plaintiff, BRIANA CARTER ("Carter" or Plaintiff), by and through her undersigned counsel, hereby files this Complaint against Defendant, GMMI, INC. (hereinafter "GMMI" or "Defendant") and says:

**JURISDICTION AND VENUE**

1.      This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

1

4.      All conditions precedent to this action have been performed or waived.

## PARTIES

5.      Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a claim specialist.

6.      Plaintiff is an African American female who experienced disparate treatment and hostile work environment on the basis of her race. Plaintiff is therefore a member of a class protected under the Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her race, African American/Black.

7.      Defendant is a Foreign Profit Corporation registered to do business within Florida, with its principal place of business in Broward County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8.      Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9.      Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10.     Plaintiff filed her charge on or about December 2, 2019, which was no more than 300 days after the last discriminatory event occurred, to wit: November 11, 2019.

11. Plaintiff was issued a Notice of Suit Rights on June 21, 2020. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

**GENERAL ALLEGATIONS**

12. Plaintiff worked for Defendant as a claim specialist from on or about September 25, 2019 until her termination on November 11, 2019.

13. During Plaintiff's employment with Defendant, Plaintiff's supervisor was Sandy Perez, who is Hispanic and treated Hispanic employees more favorably.

14. There were approximately 20 claim specialists/claim examiners in Plaintiff's shift, among whom only two were black, including Plaintiff.

15. During Plaintiff's employment with Defendant, Plaintiff experienced a series of discriminatory treatment due to her race.

16. Sandy would spend time to coach other Hispanic claim specialists if they had any questions but at the same time Sandy refused to provide assistance when Plaintiff had any questions and therefore requested coaching.

17. During Plaintiff's employment with GMMI, Plaintiff worked with Sou, a Hispanic claim specialist.

18. Sou and Plaintiff could not leave for lunch at the same time because at least one of them needed to answer the phone calls from providers about claims.

19. Sandy constantly required Plaintiff to take lunch at a later time to accommodate Sou's schedule.

3

20.     During Plaintiff's employment with GMMI, GMMI had an open phone call policy, where its employees were allowed to use their phones as long as the phone use would not affect productivity.

21.     Even though Plaintiff's phone use was in compliance with the company policy and never affected her productivity, Sandy constantly coached Plaintiff for allegedly excessive phone use, when Plaintiff's Hispanic co-workers would be on their phone all the time without any kind of coaching or reprimand.

22.     Whenever Plaintiff was away from her desk for a short period of time for bathroom or water, Sandy would verbally reprimand Plaintiff and accused Plaintiff of being away from her desk for long periods of time.

23.     Sandy would never react the same way to Plaintiff's Hispanic co-workers when they were away from their desk for bathroom or water.

24.     On or about November 11, 2019, Plaintiff was advised that she was terminated due to alleged call avoidance and alleged violation of company policies, which was not true and pretextual.

25.     Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's race was, at minimum, a motivating factor in Defendant's decision for her termination[1].

26.     Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

27.     Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

## COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON RACE)

28.     Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

29.     Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of race.

30.     Plaintiff is a member of a protected class, to wit, African American/black.

31.     Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced a series of discriminatory treatment from her direct supervisor, Sandy, due to Plaintiff's race.

32.     Sandy constantly treated Plaintiff less favorably than Plaintiff's Hispanic co-workers. Specifically, Sandy required Plaintiff to take lunch at a later time to accommodate Plaintiff's Hispanic co-worker's schedule, Sandy withheld assistance when Plaintiff had questions and requested coaching, and Sandy held Plaintiff to a higher standard than Plaintiff's Hispanic co-workers regarding phone use and being away for bathroom and water.

33.     Due to the disparate treatment inflicted on Plaintiff on the basis of her race, Plaintiff received more verbal reprimand and disciplinary actions than she deserved, which eventually lead to Plaintiff's termination.

34.     On or about November 11, 2019, Plaintiff was advised that she was terminated due to alleged call avoidance and alleged violation of company policies, which was not true and pretextual.

35.     Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's race was, at minimum, a motivating factor in Defendant's decision for her termination.

36.     Defendant's supervisor, Sandy Perez, acted with intentional disregard for Plaintiff's rights as an African American/black person protected under Title VII. Defendant, by

5

and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Sandy Perez.

37. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

38. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff BRIANA CARTER requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (HOSTILE WORK ENVIRONMENT)

39.     Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

40.     Plaintiff brings this action under the Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's supervisor inflicted on Plaintiff on the basis of race.

41.     Plaintiff is a member of a protected class, to wit, African American.

42.     Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced a series of discriminatory treatment from her direct supervisor, Sandy, due to Plaintiff's race.

43.     Sandy constantly treated Plaintiff less favorably than Plaintiff's Hispanic co-workers. Specifically, Sandy required Plaintiff to take lunch at a later time to accommodate Plaintiff's Hispanic co-worker's schedule, Sandy withheld assistance when Plaintiff had questions and requested coaching, and Sandy held Plaintiff to a higher standard than Plaintiff's Hispanic co-workers regarding phone use and being away for bathroom and water.

44.     Sandy was Plaintiff's direct supervisor during Plaintiff's employment with Defendant. Sandy's repeated and consistent disparate treatment of Plaintiff, was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Defendant's supervisor's conduct was severe and pervasive from both a subjective and objective perspective.

45.     Defendant's supervisor, Sandy Perez, acted with intentional disregard for Plaintiff's rights as an African American person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Sandy Perez.

46.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

47.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff BRIANA CARTER requests that:

a.   The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b.   The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c.   The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III: VIOLATION OF FCRA
## (DISCRIMINATION BASED ON RACE)

48.     Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

49.     Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 *et seq.*, for damages caused by Defendant's disparate treatment of Plaintiff.

50.     Plaintiff is a member of a protected class, to wit, African American.

51.     Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced a series of discriminatory treatment from her direct supervisor, Sandy, due to Plaintiff's race.

52.     Sandy constantly treated Plaintiff less favorably than Plaintiff's Hispanic co-workers. Specifically, Sandy required Plaintiff to take lunch at a later time to accommodate Plaintiff's Hispanic co-worker's schedule, Sandy withheld assistance when Plaintiff had questions and requested coaching, and Sandy held Plaintiff to a higher standard than Plaintiff's Hispanic co-workers when it comes to phone use and being away for bathroom and water.

53.     Due to the disparate treatment inflicted on Plaintiff on the basis of her race, Plaintiff received more verbal reprimand and disciplinary actions than she deserved, which eventually lead to Plaintiff's termination.

54.     On or about November 11, 2019, Plaintiff was advised that she was terminated due to alleged call avoidance and alleged violation of company policies, which was not true and pretextual.

55.     Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's race was, at minimum, a motivating factor in Defendant's decision for her termination.

56.     Defendant's supervisor, Sandy Perez, acted with intentional disregard for Plaintiff's rights as an African American/black person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Sandy Perez.

57.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

58.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff BRIANA CARTER requests that:

a.   The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b.   The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c.   The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV: VIOLATION OF FCRA
## (HOSTILE WORK ENVIRONMENT)

59.     Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

60.     Plaintiff brings this action under the Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's supervisor inflicted on Plaintiff on the basis of race.

61.     Plaintiff is a member of a protected class, to wit, African American.

62.     Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced a series of discriminatory treatment from her direct supervisor, Sandy, due to Plaintiff's race.

63.     Sandy constantly treated Plaintiff less favorably than Plaintiff's Hispanic co-workers. Specifically, Sandy required Plaintiff to take lunch at a later time to accommodate Plaintiff's Hispanic co-worker's schedule, Sandy withheld assistance when Plaintiff had questions and requested coaching, and Sandy held Plaintiff to a higher standard than Plaintiff's Hispanic co-workers regarding phone use and being away for bathroom and water.

64.     Sandy was Plaintiff's direct supervisor during Plaintiff's employment with Defendant. Sandy's disparate treatment was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Sandy's conduct was severe and pervasive from both a subjective and objective perspective.

65.     Defendant's supervisor, Sandy Perez, acted with intentional disregard for Plaintiff's rights as an African American person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Sandy Perez.

66.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

67.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA.  Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its director or nurses. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff BRIANA CARTER requests that:

a.  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c.  The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

d.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff BRIANA CARTER hereby demands trial by jury on all issues and all counts of

this Complaint so triable as a matter of right.

Dated: September 10, 2020

LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:     /s/ Charles M. Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        TIEXIN YANG, Esq.
        Fla. Bar #1010651
        tiexin@icelawfirm.com